(No. 4746— )

THE UNIVERSITY OF CHICAGO, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1957.*

WALTER V. LEEN AND HOWARD H. MOORE, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; RICHARD F. SIMAN, Assistant Attorney General, for Respondent.

WHAM, J.

Claimant, The University of Chicago, An Illinois Corporation, filed its petition praying for an award against respondent in the amount $2,247.82. The record submitted to the Court consists of the petition, respondent's Departmental Reports, claimant's brief and argument, transcript of evidence and the Commissioner's report. We have considered the record, and find that claimant is entitled to an award against respondent, State of Illinois, for the amount prayed, and adopt the report of Herbert G. Immenhausen, the Commissioner before whom the matter was heard, as our opinion in the cause. A copy of his report is attached hereto, and made a part hereof.

*"Commissioner's Report*

The University of Chicago, An Illinois Corporation, by its attorneys Howard N. Moore and Walter V. Leen, filed its claim in the above entitled case on October 2, 1956, wherein it seeks to recover a balance of $2,247.82, allegedly due under a grant given it by the Mental Health Services of the Department of Public Welfare of the State of Illinois for the purpose of setting up and operating a Child Psychiatry Unit in the Bobs Roberts Hospital of the University of Chicago Clinics, which unit was to be used for child guidance and community services.

The original amount requested by claimant in a letter dated April 13, 1954 was $18,736.00. By letters dated October 19, 1954 and October 27,

1954, Dr. Otto L. Bettag, Director of said Department of Public Welfare, advised claimant that, in the interest of the stability of the project, it was not deemed advisable to make a grant in the full amount requested, and that the grant had been reduced to the amount of $6,000.00. Such a grant had been approved, and was to be payable from the Mental Health Fund of the State of Illinois. The letters further stated that it was understood the reduced amount of the grant was to be used in partial support of the cost of setting up and operating the proposed Child Psychiatry Unit.

On November 3, 1954, a letter was sent to claimant by Mr. E. F. Marten, Acting Deputy Director, Administrative Services, Department of Public Welfare, State of Illinois, stating that the grants from the Mental Health Fund were payable on a basis of reimbursement for costs incurred in furtherance of the proposed grant.

Claimant relying upon such proposed grant from the Department of Public Welfare incurred costs during the period ending June 30, 1955 in the total amount of $4,507.24. Claimant was reimbursed in the amount of $2,259.42, representing a total of the costs incurred prior to April 30, 1955. The amount of the chargeable grant, which was incurred during the subsequent period from May 1, 1955 through June 30, 1955 was $2,247.82.

The claim for $2,247.82 was submitted by claimant on a State of Illinois invoice voucher form to the Department of Public Welfare, for the attention of Mr. E. F. Marten, on December 22, 1955. Said invoice voucher was subsequently returned without payment to claimant, and was accompanied by a letter, dated December 30, 1955, from the Department of Welfare, which stated that the appropriations from which the grant was payable had lapsed on September 30, 1955, and, therefore, the Department was unable to reimburse claimant for this amount. It is now claimed that there is due and owing claimant, The University of Chicago, by respondent the sum of $2,247.82, and that claimant is justly and equitably entitled to the amount claimed from the State of Illinois after allowing all just credits.

Respondent, State of Illinois, did not file an answer to the complaint. Respondent filed a Departmental Report in which it was stated that it could see no reason why this claim should be resisted by the State of Illinois.

Your Commissioner, Herbert G. Immenhausen, set the case for hearing on December 19, 1956 at 10:00 A.M., in Room 827, 160 N. LaSalle Street, Chicago, Illinois.

Claimant called as its witness, Mr. Ted Kula of 8809 California Avenue, Evergreen Park, Illinois, the auditor in charge of the files of The University of Chicago. He testified that he was familiar with the work done by claimant, The University of Chicago, and identified claimant's exhibits Nos. 1 to 8, inclusive, copies of which were attached to claimant's petition. Claimant also placed on the stand Miss Helen Frazier of 5744 S. Drexel, a psychiatrist employed by The University of Chicago, who testified as to the work described in claimant's exhibit No. 7. She stated the work was done, and that the charges therefor were fair and reasonable.

It appears from the evidence and exhibits that the work contemplated in said grant was satisfactorily completed, and that The University of Chicago is entitled to an award of $2,247.82. Further, it appears the only reason it was not paid was because a statement therefor was not presented and certified before the appropriation lapsed on September 30, 1955. An award should, therefore, be made to The University of Chicago in the amount of $2,247.82.

(Signed) HERBERT G. IMMENHAUSEN,
Commissioner"

It is to be noted that respondent filed no answer to the complaint filed herein, and stated in its Departmental Report that, "Since the amount of $2,247.82 was properly certified to us as having been expended in the operation of the aforementioned clinic, and there were ample funds remaining in the appropriation to have paid this amount, we see no reason why this claim should be resisted by the State of Illinois".

It is, therefore, our order that an award be made to The University of Chicago, An Illinois Corporation, in the sum of $2,247.82.